UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDUARDO GARCIA, on behalf of himself and all others similarly situated,<br><br><div align="center">Plaintiffs,</div><br>-against-<br><br>GMT ENTERPRISES, INC. d/b/a PAPA JOHN'S, REZA ALI, individually and SAYID SHAH, individually,<br><br><div align="center">Defendant.</div> | Index No.<br><br>**COMPLAINT**<br><br>***JURY TRIAL DEMANDED*** |

Plaintiff, EDUARDO GARCIA ("Mr. Garcia" or "Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, The Law Office of BORRELLI & ASSOCIATES, P.L.L.C., brings this action for damages and other legal and equitable relief from Defendants,  GMT ENTERPRISES, INC., d/b/a PAPA JOHN'S ("Papa John's"), REZA ALI ("Ali"), and SAYID SHAH ("Shah") collectively referred to as "Defendants", for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), the New Jersey Wage and Hour Law (the "NJWHL"), and any other cause or causes of action that can be inferred from the facts set forth herein.

<div align="center"><strong>INTRODUCTION</strong></div>

1. This is an action brought by Plaintiff challenging acts committed by Defendants against Plaintiff amounting to collective and class claims of violations of Federal and State wage and hour laws.

2. Mr. Garcia brings this action on his own behalf and on behalf of those similarly-situated, pursuant to the Federal and New Jersey State laws requiring Defendants compensate

Plaintiff and similarly-situated employees their statutorily required overtime compensation, as well as at a rate of pay in accordance with the Federal and New Jersey State laws requiring a minimum rate of pay per hour worked.

3. Defendants committed violations of these laws by engaging in a systematic scheme of failing to compensate the Plaintiff and similarly-situated employees the statutorily mandated minimum hourly wage per hour worked, and overtime compensation.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C.§ 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statue, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 *et. seq.*

5. This Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, insofar as this District lies in the State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b); this being the District in which the Defendants maintain offices and conduct business.

## PARTIES

7. Mr. Garcia is an individual who is a citizen of the State of New Jersey and resides in Perth Amboy, New Jersey.

8. Upon information and belief, Defendant GMT ENTERPRISES INC., d/b/a Papa John's is a franchisee and holding company located at 70 Wolf Avenue, Edison, New Jersey.

9. Upon information and belief, Defendant Papa John's is a franchisor, and corporation duly organized under the laws of the State of Delaware, with its principle place of business located at 2002 Papa John's Boulevard, Louisville, Kentucky. Papa John's has over three-thousand franchises, located in all fifty states in the United States, including over fifty in the State of New Jersey.

10. Ali is also a Defendant in this action, in his individual capacity. Upon information and belief, Ali: is a citizen of New Jersey; resides in New Jersey; owns and operates Papa John's franchise(s) in accordance with the rules, policies, regulations, guidelines, and franchise agreement of Papa John's. Ali qualifies as an employer for employees of Papa John's, under the FLSA and NJWHL.

11. Shah is also a Defendant in this action, in his individual capacity. Upon information and belief, Shah: is a citizen of New Jersey; resides in New Jersey; owns and operates Papa John's franchise(s) in accordance with the rules, policies, regulations, guidelines, and franchise agreement of Papa John's. Shah qualifies as an employer for employees of Papa John's, under the FLSA and NJWHL.

12. The amount of qualifying annual volume of business for Papa John's, upon information and belief, exceeds $500,000.00 and thus subjects the business to the FLSA's overtime requirements. Additionally, Papa John's, its agents and employees, are engaged in interstate commerce, as they handle goods that have been and continue to be moved

3

across state lines, which independently subjects Defendant to the overtime requirements of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit pursuant to 29 U.S.C. § 216(b) on his own behalf as well as those in the following class:

> Current and former employees of Defendants who perform any work in any of Defendants franchises (owned by Defendants Ali and Shah) as non-managerial employees who give consent to file a cause of action to recover overtime compensation which is legally due to them for the time worked in excess of forty hours in a given work week as well as to recover the difference between the amount of wages actually paid to them and the statutorily minimum amount due ("FLSA Plaintiffs") ("Class Plaintiffs").

14. Plaintiff is similarly situated to all such individuals and while employed by Defendants, he and all Class Plaintiffs performed similar tasks; were subject to the same laws and regulations; were paid in the same or similar manner; were paid the same or similar rate; were required to work in excess of 40 hours per work week; were paid neither the required one and a half (1½) times their respective regular rates of pay for all overtime hours worked, nor were they paid the statutorily minimum rate of pay per hour worked.

15. Defendants treated all Class Plaintiffs, including Mr. Garcia, similarly in requiring them to work in excess of 40 hours per workweek, and denying the Class Plaintiffs proper overtime compensation Plaintiff and Class Plaintiffs work and/or worked for Defendants in its franchise(s) in eight-hour to twelve-hour shifts, six to seven days per week.  Thus, the Class Plaintiffs worked more than 40 hours per workweek, yet Defendants did not pay them the statutorily required overtime compensation.  Defendants enforced this practice against all employees in similar or identical fashion.

16. Defendants paid Plaintiff and Class Plaintiffs at Five Dollars and Fifteen Cents ($5.15) per hour worked, for hours worked as delivery drivers, beginning on or around March 5, 2012. Thus, Defendants did not pay the statutorily required minimum hourly rate of pay to the Class Plaintiffs when they made deliveries from on or around March 5, 2012 until the present. Defendants enforced this practice against all employees in similar or identical fashion.

17. All Class Plaintiffs are engaged in interstate commerce, as they are required to handle goods transported in interstate commerce.

18. Defendants are and have been aware of the requirement to pay Plaintiff and Class Plaintiffs the statutorily minimum hourly rate, along with time and a half pay for overtime work, yet purposefully chose not to do so.

## RULE 23 CLASS ALLEGATIONS

19. Plaintiff additionally seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on his own behalf as well as on behalf of those who are similarly situated and are Class Plaintiffs, who, during the applicable statute of limitations, were subjected to violations of the NJWHL.

20. Under Fed. R. Civ. P. 23(b)(3), prerequisites for one or more members to sue as representative parties include the following:

  a. Is so numerous that joinder is impracticable;

  b. There are questions of law or fact common to the class;

  c. The claims or defenses of the representative parties are typical of the claims or defenses of the class;

  d. The representative will fairly and adequately protect the class; and

e. A class action is superior to other methods of adjudication.

## Numerosity

21. Upon information and belief, the number of employees would need to be numerous to staff Papa John's franchises in New Jersey and would satisfy the numerosity requirement.

## Common Questions of Law and/or Fact

22. There are questions of law/fact governing the claims that are available to each and every Class Plaintiff, including but not limited to the following:

a. Whether Defendants compensated Class Plaintiffs at a rate less than the statutorily required minimum hourly rate of pay;

b. Whether Defendants compensated Class Plaintiffs for overtime pay pursuant to Papa John's policies;

c. Whether Defendants failed to pay Class Plaintiffs the legally required 1 ½ times rate of pay in overtime compensation for the hours worked in excess of 40 hours;

d. Whether Defendants kept accurate records of hours worked by Class Plaintiffs; and

e. Whether Defendants have any affirmative defenses for any of these claims.

## Typicality of Claims and/or Defenses

23. Defendants employed Plaintiff in the same capacity as all of Defendants' employees aside from Management. All of Defendants' employees were treated the same or similarly by management with respect to pay or lack thereof. Thus, there are common questions of law and fact that are applicable to each and every one of Defendants' employees.

24. This treatment included, but was not limited to, failure to pay employees the proper overtime wages, and failure to compensate employees in accordance with the statutorily prescribed minimum rate of pay.

## Adequacy

25. The representative party still is an employee of Papa John's.  Plaintiff has kept substantial records from his time working for Defendants and properly and adequately represents the current and former employees who have been subject to the treatment alleged herein.  Additionally, Plaintiff's attorneys have substantial experience in this field of law.

## Superiority

26. Any lawsuit brought by an employee of Papa John's would be identical to a suit brought by any other employee for the same violations.  Separate litigation would create a risk of inconsistent results.  Plaintiff has no facts relating to the class claims that are not typical of the class.  Indeed, upon information and belief, Papa John's treated Plaintiff identically to other employees.

## FACTS

27. Papa John's employed Plaintiff as a general worker who primarily performed duties as deliveryman and cook, beginning on January 28, 2007.  A regular shift for both Plaintiff and Class Plaintiffs consists of those of a general store worker working as a deliveryman and as a cook.  Plaintiff remains an employee of Papa John's.  Initially, when Plaintiff commenced work in January 2007, he received Seven Dollars and Fifteen cents per hour. Thereafter Plaintiff received raises that coincided with the increase in the New Jersey minimum wage.  Accordingly, Plaintiff's rate of pay was Seven dollars and Twenty Five

cents an hour ($7.25), from on or around July 26, 2010, when the New Jersey minimum wage increased to $7.25 per hour.

28. Ali and Shah were Plaintiff's immediate superiors, as owners of the Papa John's franchise where Plaintiff worked. They were responsible for processing Plaintiff's payments, and wages.

### Overtime Compensation Violations

29. Defendants required Plaintiff to work at least 40 hours per week, and often up to eighty (80) hours per week from January 2007 until the present.

30. Defendants never compensated Plaintiff the statutorily mandated rate of 1 ½ times his normal rate of pay, no matter how many weekly hours worked in excess of 40, from the commencement of his employment in January 2007 until the present.

31. Additionally, all Class Plaintiffs worked similar hours, with similar duties, as Plaintiff, and Defendants failed to compensate them at the legally mandated overtime rate for hours worked above 40, directly contravening the FLSA and NJWHL.

### Minimum Wage Violations

32. Starting on or around March 5, 2012, Defendants began compensating Plaintiff at the wage of $5.15 for hours worked making deliveries. Thus, when Plaintiff performed these duties, he was not compensated in accordance with the statutorily required minimum hourly rate of pay of $7.25 per hour worked.

33. Additionally, all Class Plaintiffs worked similar hours to Plaintiff with the same rates of pay starting on or around March 5, 2012. Thus, they also were not compensated in accordance with the statutorily required minimum hourly rate of pay of $7.25 for performing deliveries starting around March 5, 2012 until the present.

34. Plaintiff is aware of other employees with similar situations regarding hours worked and rates of pay based on observations of and conversations with other employees.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT**
**ON BEHALF OF PLAINTIFF AND ALL COLLECTIVE PLAINTIFFS**
*For Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219*

35. Plaintiff and all other Class Plaintiffs were required to work in excess of forty hours a week without being compensated for those hours at the statutorily required minimum rate of pay, much less at the statutorily required time and a half pay. These practices were willful and lasted for the duration of the relevant time-periods as discussed above.

36. This practice is in violation of the Fair Labor Standards Act.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT**
**ON BEHALF OF PLAINTIFF AND ALL CLASS PLAINTIFFS**
*For Violation of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.*

37. Plaintiff and all other Class Plaintiffs were required to work in excess of forty hours a week without being compensated for those hours at the statutorily required minimum rate of pay, much less at the statutorily required time and a half pay. These practices were willful and lasted for the duration of the relevant time-periods as discussed above.

38. This practice is in violation of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Classes demand judgment against Defendants as follows:

1. Demand a jury trial on these issues to determine liability and damages;

2. Preliminary and permanent injunctions against Defendants and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert

with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

3. A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and the New Jersey Wage and Hour Law.

4. All damages which Plaintiff and the Class Plaintiffs have sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

5. Exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional where appropriate and permitted by law;

6. Awarding Mr. Garcia his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

7. Pre-judgment and post-judgment interest, as provided by law; and

8. Granting Plaintiff and Class Plaintiffs other and further relief as this Court finds necessary and proper.

**A JURY TRIAL IS HEREBY DEMANDED**

Dated: May 4, 2012
       Great Neck, New York

THE LAW OFFICE OF
BORRELLI & ASSOCIATES, PLLC

SUJAN H. VASAVADA (SV 8956)

10

*Attorneys for Plaintiffs*
1010 Northern Blvd., Suite 328
Great Neck, New York 11021