IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDUARDO GARCIA, on behalf of himself and all others similarly situated, | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY – NEWARK |
| Plaintiffs, | CIVIL ACTION |
| v. | No. 2:12-2722 (KM-CLW) |
| GMT ENTERPRISES, INC. d/b/a/ PAPA JOHN'S, REZA ALI, individually and SAYID SHAH, individually, | ANSWER |
| Defendants. | |

Defendants GMT Enterprises, Inc. d/b/a Papa John's ("GMT"), Rana Ali (improperly pled as Reza Ali)("Ali"), and Syed Shah (improperly pled as Sayid Shah) ("Shah") (collectively, "GMT Defendants"), by way of Answer to the Complaint filed by Eduardo Garcia state as follows:

**INTRODUCTION**

1. GMT Defendants admit that Eduardo Garcia ("Garcia" or "Plaintiff") brings an action alleging collective and class claims of violations of Federal and State wage and hour laws. Except as expressly admitted herein, GMT Defendants expressly deny all remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2. GMT Defendants admit Plaintiff purports to assert claims on behalf of himself and on behalf of an alleged group of similarly-situated employees, the existence of which is expressly denied. Except as expressly admitted herein, GMT Defendants expressly deny all remaining allegations in Paragraph 2 of Plaintiff's Complaint.

3. GMT Defendants deny that they engaged in a systematic scheme of failing to compensate Plaintiff and similarly-situated employees the statutorily mandated minimum hourly wage per hour worked, and overtime compensation. GMT Defendants deny that this lawsuit is properly maintainable as a collective action under the FLSA. GMT Defendants deny that this lawsuit is properly maintainable as a collective action under the New Jersey Wage and Hour Law or New Jersey common law. GMT Defendants deny that there were or are employees "similarly-situated" to Plaintiff sufficient to warrant a collective action. GMT Defendants deny the remaining allegations of Paragraph 3 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

4. GMT Defendants admit this Court has jurisdiction over Plaintiff's FLSA claims. GMT Defendants deny that there were or are employees "similarly-situated" to Plaintiff sufficient to warrant a collective action.

5. This allegation contains a conclusion of law to which no response is required.

6. GMT Defendants admit only that GMT does business in this District. GMT Defendants deny the remaining allegations.

## PARTIES

7. GMT Defendants are without sufficient information to form a belief regarding Plaintiff Garcia's residence and, therefore, leaves Plaintiff to his proof. GMT Defendants admit that to their knowledge and belief that Plaintiff is a citizen of the State of New Jersey.

8. GMT Defendants admit that it holds a valid Papa John's franchise license. GMT Defendants admit that GMT Enterprises, Inc. is located at 70 Wolf Avenue, Edison, New Jersey. GMT Defendants deny the remaining allegations.

9. This paragraph does not require a response because Defendant Papa John's has been dismissed from the lawsuit.  To the extent a response is deemed necessary, it is GMT Defendants information and belief that Defendant Papa John's is a corporation organized under the laws of the State of Delaware, with its principle place of business located at 2002 Papa John's Boulevard, Louisville, Kentucky.  GMT Defendants are without sufficient knowledge to respond to the amount of franchises held by Papa John's.  GMT Defendants are without sufficient knowledge to respond to location of franchises held by Papa John's.  GMT Defendants deny the remaining allegations.

10. GMT Defendants admit that Defendant Rana Ali (improperly named in the complaint as Reza Ali) is a citizen and resident of New Jersey.  GMT Defendants admit that Defendant Ali is a partial owner of a Papa John's franchise.  GMT Defendants admit that as a partial owner of a Papa John's franchise he operates said franchise in accordance with the rules, policies, regulations, guidelines, and franchise agreement of Papa John's.  GMT Defendants expressly deny that Defendant Ali is subject to any individual liability in this action.   The remaining allegations are conclusions of law to which no response is necessary.  To the extent that a response is required, GMT Defendants deny such allegations.

11. GMT Defendants admit that Defendant Syed Shah (improperly named in the complaint as Sayid Shah) is a citizen and resident of New Jersey.  GMT Defendants admit that Defendant Shah is a partial owner of a Papa John's franchise.  GMT Defendants admit that as a partial owner of a Papa John's franchise he operates said franchise in accordance with the rules, policies, regulations, guidelines, and franchise agreement of Papa John's.  GMT Defendants expressly deny that Defendant Shah is subject to any individual

liability in this action.  The remaining allegations are conclusions of law to which no response is necessary.  To the extent that a response is required, GMT Defendants deny such allegations.

12. GMT Defendants deny the allegation as stated.  GMT Defendants are without sufficient information to form a belief as to Defendant Papa John's annual volume of business; therefore they deny Plaintiff's allegations.  GMT Defendants admit that its annual volume of business is in excess of $500,000.  Plaintiff's allegations that Papa John's, its agents, and employees are engaged in interstate commerce is a conclusion of law to which no response is necessary.  GMT Defendants deny the remaining allegations.

## COLLECTIVE ACTION ALLEGATIONS

13. GMT Defendants admit Plaintiff purports to assert claims on behalf of himself and on behalf of an alleged group of similarly-situated employees, the existence of which is expressly denied.  GMT Defendants deny that a class action is appropriate in this matter, and in the event that a class action is certified, such class should be defined as set forth in Paragraph 13.  GMT Defendants deny any the existence of any alleged "Class Plaintiffs" and, therefore, denies any allegations involving the alleged "Class Plaintiffs."  GMT Defendants deny the remaining allegations of Paragraph 13.

14. GMT Defendants deny that this lawsuit is properly maintainable as a collective action.  GMT Defendants deny that there were or are employees "similarly-situated" to Plaintiff sufficient to warrant a collective action.  GMT Defendants deny any the existence of any alleged "Class Plaintiffs" and, therefore, denies any allegations involving the alleged "Class Plaintiffs."  GMT Defendants deny all of the allegations of Paragraph 14 of Plaintiff's Complaint.

15. GMT Defendants deny that this lawsuit is properly maintainable as a collective action. GMT Defendants deny that there were or are employees "similarly-situated" to Plaintiff sufficient to warrant a collective action. GMT Defendants deny any the existence of any alleged "Class Plaintiffs" and, therefore, denies any allegations involving the alleged "Class Plaintiffs." GMT Defendants deny all of the allegations of Paragraph 15 of Plaintiff's Complaint.

16. GMT Defendants deny that this lawsuit is properly maintainable as a collective action. GMT Defendants deny that there were or are employees "similarly-situated" to Plaintiff sufficient to warrant a collective action. GMT Defendants deny any the existence of any alleged "Class Plaintiffs" and, therefore, denies any allegations involving the alleged "Class Plaintiffs." GMT Defendants admit that it paid Plaintiff a base rate of five dollars and fifteen cents ($5.15) per hour worked, plus $1.00 per delivery as a delivery driver beginning on or around March 5, 2012 for hours worked as a delivery driver. GMT Defendants also admit that Plaintiff earned tips from customers while working as a delivery driver. GMT Defendants deny all of the allegations of Paragraph 16 of Plaintiff's Complaint.

17. GMT Defendants deny that this lawsuit is properly maintainable as a collective action. GMT Defendants deny that there were or are employees "similarly-situated" to Plaintiff sufficient to warrant a collective action. GMT Defendants deny any the existence of any alleged "Class Plaintiffs" and, therefore, denies any allegations involving the alleged "Class Plaintiffs." GMT Defendants neither admit nor deny the allegation that Plaintiff engaged in interstate commerce, as such allegation is a conclusion of law to which no

    response is required.  GMT Defendants deny all remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18. GMT Defendants deny that this lawsuit is properly maintainable as a collective action. GMT Defendants deny that there were or are employees "similarly-situated" to Plaintiff sufficient to warrant a collective action.  GMT Defendants deny any the existence of any alleged "Class Plaintiffs" and, therefore, denies any allegations involving the alleged "Class Plaintiffs."  GMT Defendants deny that Plaintiff was not paid in accordance with state and federal laws.  GMT Defendants further deny that any such alleged incorrect payment was purposeful.  GMT Defendants deny all remaining allegations in Paragraph 18 of Plaintiff's Complaint.

## RULE 23 CLASS ALLEGATIONS

19. GMT Defendants admit that Plaintiff seeks to maintain this action as a purported class action under Federal Rule of Civil Procedure 23(b)(3).  GMT Defendants deny that a class action is appropriate in this matter, and in the event that a class action is certified, such class should be defined as set forth in Paragraph 13.  GMT Defendants deny that there were or are employees "similarly-situated" to Plaintiff sufficient to warrant a collective action.  GMT Defendants deny any the existence of any alleged "Class Plaintiffs" and, therefore, denies any allegations involving the alleged "Class Plaintiffs." GMT Defendants deny all of the allegations of Paragraph 19 of Plaintiff's Complaint.

20. Paragraph 20 of Plaintiff's Complaint contains a conclusion of law to which no response is necessary.  To the extent that a response is deemed necessary, GMT Defendants deny that this lawsuit is properly maintainable as a Rule 23 class action.  GMT Defendants deny that there were or are employees "similarly-situated" to Plaintiff sufficient to

warrant a collective action.  GMT Defendants deny any the existence of any alleged "Class Plaintiffs" and, therefore, denies any allegations involving the alleged "Class Plaintiffs."  GMT Defendants expressly deny all of the allegations of Paragraph 20 of Plaintiff's Complaint.

## Numerosity

21. GMT Defendants deny the allegations of Paragraph 21 of Plaintiff's Complaint.  By way of further answer, Defendant Papa John's is no longer a named defendant in this action.  Defendant GMT operates one Papa John's franchise location and that location employs less than twenty hourly employees.

## Common Questions of Law and/or Fact

22. GMT Defendants state that Paragraph 23 of Plaintiff's Complaint contains a conclusion of law to which no response is necessary.  To the extent that a response is required, GMT Defendants deny the allegations in Paragraph 23, including all subparts thereto.

## Typicality of Claims and/or Defenses

23. Paragraph 23 of Plaintiff's Complaint contains a conclusion of law to which no response is necessary.  To the extent that a response is required, GMT Defendants admit that Plaintiff was not a part of Management.  GMT Defendants deny the remaining allegations in Paragraph 23.

24. GMT Defendants deny that GMT employees were not paid the proper overtime wages.  GMT Defendants deny that GMT failed to compensate employees in accordance with the statutorily prescribed minimum wage.

## Adequacy

25. GMT Defendants deny that Plaintiff is still an employee Defendant GMT.   GMT Defendants are without sufficient knowledge to form a belief as to what Plaintiff has in his possession, and therefore, denies all allegations regarding his "records".  Defendants are without sufficient knowledge to form a belief as to whether Plaintiff's attorneys have "substantial experience in this field of law", and therefore, leave Plaintiff's to his proofs.  GMT Defendants deny the remaining allegations in Paragraph 25.

## Superiority

26. GMT Defendants deny each and every allegation made in Paragraph 26.

## FACTS

27. GMT Defendants deny that this lawsuit is properly maintainable as a collective action.  GMT Defendants deny that there were or are employees "similarly-situated" to Plaintiff sufficient to warrant a collective action.  GMT Defendants deny any the existence of any alleged "Class Plaintiffs" and, therefore, denies any allegations involving the alleged "Class Plaintiffs."  GMT Defendants deny that Plaintiff is still an employee of Defendant GMT.   GMT Defendants admit that Defendant GMT hired Plaintiff as an employee whose initial duties were that delivery driver.  GMT Defendants deny that Plaintiff ever worked as a cook.  GMT Defendants admit that Plaintiff was paid the minimum wage pursuant to New Jersey state law.  GMT Defendants deny all remaining allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28.  GMT Defendants admit that Defendants Ali and Shah were Plaintiff's supervisors and franchise owners of the Papa John's franchise in which Plaintiff worked.  GMT Defendants admit that Defendants Ali and Shah forwarded Plaintiff's hours to GMT's payroll processor for payment.  GMT Defendants deny any remaining allegations.

**Overtime Compensation Violations**

29. GMT Defendants deny the allegations in Paragraph 29.

30. GMT Defendants deny the allegations in Paragraph 30.

31. GMT Defendants deny that this lawsuit is properly maintainable as a collective action. GMT Defendants deny that there were or are employees "similarly-situated" to Plaintiff sufficient to warrant a collective action. GMT Defendants deny any the existence of any alleged "Class Plaintiffs" and, therefore, denies any allegations involving the alleged "Class Plaintiffs." GMT Defendants deny the allegations in Paragraph 31.

32. GMT Defendants admit that it paid Plaintiff at five dollars and fifteen cents ($5.15) per hour worked, plus $1.00 per delivery as a delivery driver beginning on or around March 5, 2012 for hours worked as a delivery driver. GMT Defendants also admit that Plaintiff earned tips from customers while working as a delivery driver. GMT Defendants deny the remainder of the allegations of Paragraph 32 of Plaintiff's Complaint.

33. GMT Defendants deny that this lawsuit is properly maintainable as a collective action. GMT Defendants deny that there were or are employees "similarly-situated" to Plaintiff sufficient to warrant a collective action. GMT Defendants deny any the existence of any alleged "Class Plaintiffs" and, therefore, denies any allegations involving the alleged "Class Plaintiffs." GMT Defendants deny the allegations in Paragraph 33 of Plaintiff's Complaint.

34. GMT Defendants is without sufficient information to form a belief as to what Plaintiff is "aware of" with regard to other employees, and therefore, will leave Plaintiff to his proofs. GMT Defendants deny that this lawsuit is properly maintainable as a collective action. GMT Defendants deny that there were or are employees "similarly-situated" to

Plaintiff sufficient to warrant a collective action.  GMT Defendants deny the allegations in Paragraph 34 of Plaintiff's Complaint.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT ON BEHALF OF PLAILNTIFF AND ALL COLLECTIVE PLAINTIFFS
*For Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219*

35. GMT Defendants deny that this lawsuit is properly maintainable as a collective action.  GMT Defendants deny that there were or are employees "similarly-situated" to Plaintiff sufficient to warrant a collective action.  GMT Defendants deny any the existence of any alleged "Class Plaintiffs" and, therefore, denies any allegations involving the alleged "Class Plaintiffs."  GMT Defendants expressly deny the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Paragraph 36 of Plaintiff's Complaint contains a conclusion of law to which no response is necessary.  To the extent that a response is deemed necessary, GMT Defendants deny the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT ON BEHALF OF PLAILNTIFF AND ALL COLLECTIVE PLAINTIFFS
*For Violation of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.*

37. GMT Defendants deny that this lawsuit is properly maintainable as a collective action.  GMT Defendants deny that there were or are employees "similarly-situated" to Plaintiff sufficient to warrant a collective action.  GMT Defendants deny any the existence of any alleged "Class Plaintiffs" and, therefore, denies any allegations involving the alleged "Class Plaintiffs."  GMT Defendants expressly deny the allegations in Paragraph 35 of Plaintiff's Complaint.

38. Paragraph 38 of Plaintiff's Complaint contains a conclusion of law to which no response is necessary. To the extent that a response is deemed necessary, GMT Defendants deny the allegations set forth in Paragraph 38 of Plaintiff's Complaint.

## **DEMAND FOR JURY TRIAL**

GMT Defendants do not consent to the trial by jury of any issue not required by law to be tried by jury, including but not limited to, any determination of equitable remedies.

## **AFFIRMATIVE DEFENSES**

GMT Defendants assert the following defenses without assuming any burden of production or proof that they would not otherwise have.

1. Plaintiff and others with whom he is allegedly "similarly-situated" are estopped from pursuing the claims set forth in the Complaint by reason of their own acts, omissions, and course of conduct, including, but not limited to, their failure or refusal to record and report their time as required by GMT Enterprises and/or Papa John's, Inc.

2. Plaintiff and others with whom he is allegedly "similarly-situated" are estopped from pursuing the claims set forth in the Complaint by reason of their own acts, omissions, and course of conduct, including, but not limited to, their failure or refusal to record and report their tips as required by GMT Enterprises and/or Papa John's, Inc.

3. Some or all of Plaintiff's claims fail to state a claim upon which relief may be granted.

4. Plaintiff and others with who he is allegedly "similarly-situated" have failed to mitigate or reasonably attempt to mitigate their alleged damages, if any, as required by law.

5. Plaintiff and others with who he is allegedly "similarly-situated" have waived their right, if any, to pursue the claims in the Complaint, and each purported cause of action contained therein, by reason of their own acts, omissions, and course of conduct.

6. Plaintiff and others with whom he is allegedly "similarly situated" are barred from pursuing some, or all, of their claims or remedies by the doctrine of unclean hands.

7. Plaintiff and others with whom he is allegedly "similarly-situated" are precluded from recovering any amounts from Defendants where Defendants have paid them all sums legally due under federal and state laws.

8. With respect to some or all claims brought by Plaintiff and others with whom he is allegedly "similarly-situated," Defendants affirmatively plead that any acts or omissions which may be found to be in violation of the rights afforded by the FLSA were not willful but occurred in good faith with reasonable grounds for believing that Defendant was in full compliance with the FLSA. As such, the statute of limitations can be no longer than two (2) years under the FLSA. 29 U.S.C. § 255(a).

9. Plaintiff and others with whom he is allegedly "similarly-situated" may not recover liquidated damages because (i) Defendants (including its officers, managers, and agents) acted reasonably and in good faith and did not commit any willful violation of any of the provisions of the FLSA; and (ii) Plaintiff and others with whom he is allegedly "similarly-situated" have failed to plead facts sufficient to support recovery of such damages.

10. Plaintiff may not maintain this action as a collective action under 29 U.S.C. § 216 because he is not similarly situated to any other employee for purposes of the allegations and claims made in this lawsuit.

11. Plaintiff and others with whom he is allegedly "similarly-situated" may not pursue any claims in this action on behalf of anyone who has not joined this action, or consented to join this action under 29 U.S.C. §216(b).

12. Plaintiff and others with whom he is allegedly "similarly-situated" are not entitled to compensation for hours they purportedly worked without Defendant's actual or constructive knowledge.

13. Plaintiff's proposed class action under Rule 23 is inherently incompatible with the with the mass action scheme under 29 U.S.C. § 216(b).

14. Plaintiff's claims are not typical of those within the proposed "class."

15. Claims held by Named Plaintiff and members of the putative class are not sufficiently common to sustain a Class Action under Federal Rule of Civil Procedure 23.

16. Plaintiff's claims sounding in equity are barred by the doctrines of laches, waiver, estoppel and/or unclean hands.

17. Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative or other defenses available. Defendant reserves herein the right to assert additional defenses in the event that discovery indicates they would be appropriate.

18. The claims of Plaintiff and others with whom he is allegedly "similarly-situated" as stated do not provide for individual liability against Defendant Ali.

19. The claims of Plaintiff and others with whom he is allegedly "similarly-situated" as stated do not provide for individual liability against Defendant Ali.

20. Plaintiff's claims, in whole or in part, are barred by the applicable limitations period.

21. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own actions.

22. Plaintiff is an inadequate purported representative of some or the entire alleged group of individuals whom he purports to represent, the existence of which is expressly denied.

23. The types of claims alleged by Plaintiff and others with whom he is allegedly "similarly-situated" are matters in which individual questions predominate and, accordingly, are not appropriate for collective treatment.

24. The Complaint is barred in whole, or in part, by § 10 of the Portal-to-Portal Act, 29 U.S.C. § 259 because Defendants relied in good faith on, and acted in conformity with, written interpretations of the FLSA promulgated by the Secretary of Labor and on the stated administrative practices and enforcement policies of the Department of Labor.

25. Certification of this case as a class action would require a trial where individual issues predominate over common issues; consequently, Defendants would be deprived of their due process rights under the United States Constitution.

Having fully answered Plaintiffs' Complaint, GMT Enterprises, Inc. d/b/a Papa John's, Rana Ali, and Syed Shah, request that Plaintiffs' Complaint be dismissed with prejudice and that Defendants be awarded their costs, attorneys' fees and such other relief as may be just and proper.

                                                Respectfully submitted,

DATED:  December 4, 2012                    _____
                                                Susan Schleck Kleiner
                                                Attorney for the Defendants GMT Enterprises, Inc.,
                                                Rana Ali and Syed Shah

## CERTIFICATION OF SERVICE

I hereby certify, that on the within date, I served Defendants GMT Enterprises, Inc., Rana Ali and Syed Shah's Answer upon the following via ECF.

| | |
|---|---|
| Abby Helaine Natelson, Esq<br>The Law Offices of Borrelli & Assoc<br>1010 Northern Blvd, Suite 328<br>Great Neck, NY  11021<br>Attorneys for Plaintiff  Eduardo Garcia | Sujan H. Vasavada, Esq<br>The Law Offices of Borrelli & Assoc<br>1010 Northern Blvd, Suite 328<br>Great Neck, NY  11021<br>Attorneys for Plaintiff  Eduardo Garcia |
| Jamie Nicole Labukas<br>Pepper Hamilton LLP<br>3000 Two Logan Square<br>18th and Arch Streets<br>Philadelphia, PA  19103<br>Attorneys for Defendant<br>Papa John's International, Inc. | Kristin Ann Larosa<br>Pepper Hamilton LLP<br>301 Carnegie Center, Suite 400<br>Princeton, NJ  08543<br>Attorneys for Defendant<br>Papa John's International, Inc. |

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  December 4, 2012                             _s/Susan Schleck Kleiner_____
                                                                          Susan Schleck Kleiner, Esq.